Taylor v Birdsong (2018 NY Slip Op 00969)





Taylor v Birdsong


2018 NY Slip Op 00969


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, DEJOSEPH, NEMOYER, AND WINSLOW, JJ.


63 CA 17-00805

[*1]TAMAICA TAYLOR, PLAINTIFF-APPELLANT,
v
MARCIA BIRDSONG, DEFENDANT, AND DAVID L. VANGALIO, DEFENDANTS-RESPONDENTS. 






FRANK S. FALZONE, BUFFALO, FOR PLAINTIFF-APPELLANT.
BARTH SULLIVAN BEHR, BUFFALO (DANIEL CARTWRIGHT OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Deborah A. Chimes, J.), entered June 8, 2016. The order, inter alia, denied the motion of plaintiff pursuant to CPLR 4404 (a) to set aside a jury verdict and grant her a new trial on the issue whether she sustained a serious injury. 
It is hereby ORDERED that said appeal is unanimously dismissedwithout costs.
Memorandum: Plaintiff appeals from an order that denied her motion pursuant to CPLR 4404 (a) to set aside a jury verdict and grant her a new trial on the issue whether she sustained a serious injury within the meaning of Insurance Law § 5102 (d), and that granted defendant David L. Vangalio's motion for a directed verdict on the issue of Vangalio's negligence. We conclude that the appeal must be dismissed. Although the order on appeal was entered after entry of the final judgment, that order is subsumed in the judgment and there is no right to appeal directly therefrom (see Thoreson v Penthouse Intl., 179 AD2d 29, 36 [1st Dept 1992], affd 80 NY2d 490 [1992], rearg denied 81 NY2d 835 [1993]; Paul Revere Life Ins. Co. v Campagna, 233 AD2d 954, 955 [4th Dept 1996]). We note that, even if we did not dismiss the appeal on that ground, we would be unable to address the merits of plaintiff's contentions on appeal inasmuch as the record does not include a full trial transcript (see Bouchey v Claxton-Hepburn Med. Ctr., 117 AD3d 1216, 1216-1217 [3d Dept 2014]; Kruseck v Ross, 82 AD3d 939, 940 [2d Dept 2011]; Mergl v Mergl, 19 AD3d 1146, 1147 [4th Dept 2005]).
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court